IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE JACKSON, | § | |
| TDCJ-CID NO.1106978, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-06-2071 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Michael Wayne Jackson, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2002 state court felony conviction for aggravated assault with a deadly weapon. Respondent has filed a motion for summary judgment, to which petitioner has filed a response. (Docket Entries No.8, No.10, No.11, No.13, No.14). Considering the pleadings, summary judgment evidence, and the entire record, the Court will dismiss the petition because petitioner has failed to exhaust his state court remedies.

Background

Petitioner entered a plea of not guilty to the offense of aggravated assault with a deadly weapon in cause number 885397 in the 179th Criminal District Court of Harris County, Texas. (Docket Entries No.1, No.2). A jury found petitioner guilty as charged, and on May 24, 2002, assessed an enhanced punishment of twenty-five years confinement in TDCJ-CID. (Docket Entry No.1).

On direct appeal and in his petition for discretionary review ("PDR"), petitioner challenged his conviction on grounds that the trial court erred by (a) denying his motion to dismiss and a jury instruction on self-defense, (b) admitting hearsay statements; and (c) entering a judgment on a conviction based on legally and factually sufficient evidence. *Jackson v. State*, 110 S.W.3d 626

(Tex. App.–Houston [14th Dist.], 2003 pet. ref'd); *Jackson v. Dretke*, Civil Action No.H:05-3411 (S.D. Tex. Feb. 10, 2006) (Docket Entry No.7, Part 6). Petitioner's conviction was subsequently affirmed and his PDR was refused on December 17, 2003. *Jackson*, No. 110 S.W.3d 626. Petitioner does not indicate that he filed a petition for writ of *certiorari*.

Petitioner indicates that he filed a state application for a writ of habeas corpus in the 179th Criminal District Court on December 1, 2004, which the Texas Court of Criminal Appeals denied on April 25, 2006. (Docket Entry No.1). Petitioner's first federal habeas petition from this state conviction was dismissed for failure to exhaust his state remedies because his state habeas application was pending in the Texas Court of Criminal Appeals. *Jackson v. Dretke*, Civil Action No.H-05-3411. Petitioner filed the pending federal petition for a writ of habeas corpus with this Court on May 8, 2006.[1] Petitioner seeks relief on the following grounds:

1. The evidence was legally and factually insufficient to support his conviction;

2. He was denied the right to confront adverse witnesses;

3. He was denied the effective assistance of counsel at trial;

4. The prosecutor engaged in misconduct by pursuing a conviction without reason and by interfering with petitioner's right to present witnesses;

5. The trial court abused its discretion by denying petitioner's motion to dismiss on grounds that complainant did not want to prosecute;

6. The trial court abused its discretion by failing to instruct the jury on the law of self-defense; and,

7. The trial court abused its discretion by admitting evidence under the excited utterance exception to the hearsay rule.

---

[1] For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Petitioner dated the petition on May 8, 2006. Therefore, the Court will treat the date the petition was signed as the filing date in this case.

(Docket Entry No.1).

Respondent moves for summary judgment on the ground that this case is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). (Docket Entry No.8).

## Discussion

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(C). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

Respondent contends that under the provisions of the AEDPA, petitioner's one-year limitation period began on March 16, 2004, the last day that petitioner could have filed a petition for writ of *certiorari* with the United States Supreme Court. SUP. CT. R. 13.1. That date triggered the one-year limitations period which expired on March 16, 2005. Respondent maintains that because petitioner's federal habeas petition was due no later than March 16, 2005, the pending petition filed on May 8, 2006, exceeds the limitations period by 418 days and is, therefore, time-barred. (*Id.*).

Respondent further contends that petitioner is not entitled to the tolling provisions of 28

3

U.S.C. § 2244(d)(2) because petitioner has not filed a state habeas application challenging his aggravated assault conviction in cause number 885397. Respondent notes that the state habeas application, which petitioner contends is a challenge to his aggravated assault conviction, is actually a challenge to a 1991 theft conviction in cause number 593352. (Docket Entry No.8).

State court records filed in *Jackson v. Dretke*, Civil Action No.H-05-3411 reflect that petitioner filed four state habeas applications challenging his conviction for felony theft and/or the sentence imposed for such conviction in cause number 593352 from the 232nd Criminal District Court of Harris County, Texas. *Id.*, Docket Entry No.7, Parts 1, 2, 3; *see* WR-224,448-01; WR-224,448-02; WR-224,448-03; WR-224-448-04. State court records in the pending case show that petitioner filed a state habeas application challenging the same third degree felony theft conviction in cause number 593352 on June 30, 2005. (Docket Entry No.7; *Ex parte Jackson*, WR-24,448-05). The Texas Court of Criminal Appeals dismissed the application on April 12, 2006. (*Id.*). State court records reflect no other pending state habeas applications in the Texas Court of Criminal Appeals. Texas Court Website.[2]

State district court records from the 179th Criminal District Court in Harris County, Texas, however, reflect that petitioner filed a state habeas application challenging his aggravated assault conviction in cause number 885397 on December 1, 2004. Harris County District Clerk's Office.[3] The records also show that the state habeas application is still pending in district court and has not been transferred to the Texas Court of Criminal Appeals. *Id.* Therefore, according to respondent's calculations, the pending petition is not time-barred; it is subject to dismissal for non-exhaustion.

---

[2] www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&Submit1=Search#Found

[3] Deputy Clerk of Harris County, Texas District Clerk's Office via telephone.

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991). Those statutes provide in pertinent part as follows:

> (b)(1)   An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> >   (A)   the applicant has exhausted the remedies available in the courts of the State; or
> >
> >   (B)   (I)   there is an absence of available State corrective process; or
> >
> >         (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * *
>
> (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b)(1), (c). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). In Texas, exhaustion may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals. *Myers v. Collins*, 919 F.2d 1074 (5th Cir. 1990).

The record reflects that petitioner has presented some of the claims in the pending petition to the Texas Court of Criminal Appeals via his PDR. The record also shows that petitioner seeks relief on other grounds that were not addressed in the PDR. Therefore, petitioner has presented a "mixed" petition containing both exhausted and unexhausted claims in the pending petition. *See Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). It is well established that a mixed habeas corpus petition "must be dismissed without prejudice," unless there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." *Alexander*, 163 F.3d at 908 (quoting 28 U.S.C. § 2254(b)(1)(B)). Because the interests of comity are best served in this case by Texas courts having an opportunity to consider petitioner's claims, his mixed petition is subject to dismissal for failure to exhaust all state remedies as required under 28 U.S.C. § 2254. *See Alexander*, 163 F.3d at 909.

Based on the foregoing, the Court finds that the pending federal action is subject to dismissal for non-exhaustion.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the

6

other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurist would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

## Conclusion

Accordingly, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.8) is GRANTED.

2. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Docket Entry No.1) is DENIED.

3. This cause of action is DISMISSED without prejudice.

4. A certificate of appealability is DENIED.

5. All pending motions are DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on this 29th day of May, 2007.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE